Bergan, J.
(dissenting). This case presents such well-supported proof of identification of appellant' by the victim that the insufficient redaction of material pointing to appellant in the codefendant’s confession under Bruton v. United States (391 U. S. 123) ought to be regarded as harmless. Not every *907 case of identification by a single victim of robbery is weak and in some cases such testimony is very strong. Here the victim Miller, the manager of a store, had a face-to-face conversation with appellant who was in the premises “ more than five minutes ”. The store was well illuminated with fluorescent lighting.
The witness identified appellant at trial without hesitation and was not shaken in his memory or in his ability to identify him. Within two hours of the crime he again saw defendant at a police station. Although this was not a lineup it was not a suggestive showup either.
Miller testified that there were “ some other people there * * * some other male [sic] there but I don’t remember who was there ”. Some of the men wore police uniforms, some ‘' of them didn’t ’’; and the witness did not know who they were. As to whether defendant was the only Negro there the witness said there were some other people, “ but I don’t know”.
It ought not be held as a matter of law that this witness’s testimony was adversely affected by this experience. The main proof is far more substantial than that in People v. Baker (26 N Y 2d 169) where the complainant himself had six prior convictions, and not only was his testimony regarded as ‘ ‘ questionable ” by this court (p. 174), but the alleged crime was committed in the hallway of a building (p. 171). The identification here is strong enough and reliable enough to treat the Bruton error as harmless (People v. Brown, 20 N Y 2d 238).
The order should be affirmed.
Chief Judge Fuld and Judges Bubke, Bbeitel and Gibson concur; Judge Bebgan dissents and votes to affirm in a separate opinion in which Judges Scileppi and Jasen concur.
Order reversed and the case remitted to Supreme Court, Kings County, for further proceedings in accordance with the memorandum herein.